## Case No. 2,492.

### CASE v. KELLY.

[Cited in Farmers' Loan & Trust Co. v. Green Bay & M. R. Co., 12 Fed. 774. See opinion of the supreme court on appeal from the decree herein. 133 U. S. 21, 10 Sup. Ct. 216.]

[Nowhere reported.]

CASE (LANNING v.). See Case No. 8,072.
CASE (MORRISON v.). See Case No. 9,845.

## Case No. 2,493.

### CASE v. NEW ORLEANS & C. R. CO. et al.

[2 Woods, 236.][1]

Circuit Court, D. Louisiana. April Term, 1876.[2]

RES JUDICATA.

A creditor's bill which sought to follow as trust money, funds of a bank invested by its officers in a railroad company, was dismissed, on the ground among others that the identity of the property purchased with the money of the bank could not be ascertained: *Held*, that such decree was a bar to a new bill brought for the same purpose, and substantially the same as the first except that it contained an averment which was not in the first bill, to the effect that the complainant had reduced to judgment his claim against the officers of the bank for the misappropriated funds.

[See note at end of case.]

In equity. This cause was submitted on the bill, pleas, replication and evidence. The bill alleged in substance that G. T. Beauregard, Thomas P. May and A. C. Graham formed, about the 18th of April, 1866, a partnership under the name of G. T. Beauregard, Lessee; that said partnership leased from the New Orleans & Carrollton Railroad Company, for a term of twenty-five years, its railroad and other property appurtenant thereto, and spent large sums of money in repairing and rebuilding said railroad, and in purchasing real estate for the use of said road, which real estate is described in the bill. It is further alleged that all or nearly all the money paid out by Beauregard. Graham and May, for the purchase of said lease and expended in making improvements on and equipping said road, and in conducting its business, was obtained from the First National Bank [of New Orleans]; that the partnership opened an account with the bank in the name of "G. T. Beauregard. Lessee," and became indebted to the bank for money advanced in the sum of $237,008. The bill further stated that the complainant [Frank F. Case], in his capacity of receiver of said bank, brought suit on the law side of this court against said partners Beauregard, Graham and May, on their said indebtedness; and that on the 26th of February, 1873, he recovered a judgment against Beau-

regard and May for $79,002 each, that being their respective virile shares of said debt as ordinary partners, but that Graham, not having been found, no judgment was or could be rendered against him. Executions were issued on said judgments and returned nulla bona. [See Beauregard v. Case, 91 U. S. 134.] The bill further averred that the bank had a lien and privilege upon all the property of the partnership, and had a right to be paid out of the same in preference to creditors of the individual partners. The bill further alleged that Graham and May had conveyed their interest in said property; that the partnership assets came into the possession and ownership of Beauregard and certain other persons, to wit, Bonneval, Binder and Hernandez; that in consideration that said railroad company would assume all the debts of said partnership of "Beauregard, Lessee," and give to said Beauregard, Bonneval, Binder and Hernandez, 4,000 shares of the capital stock of the company, they transferred to the said company the said lease and all the other property belonging to said partnership of Beauregard, Lessee. The bill charged that these transfers to Bonneval, Binder and Hernandez, and from them and Beauregard to the railroad company, were made with a full knowledge on the part of the transferees of the rights of the bank in the property transferred. The prayer of the bill was that the court would decree that there was due the complainant, as receiver as aforesaid, from the partnership of Beauregard, Lessee, the said sum of $237,008 with interest, and by each of the partners one third of said sum; that the New Orleans & Carrollton Railroad Company might be condemned to pay to him the sum so due, as aforesaid, from said partnership, and that all transfers and conveyances of said partnership property might be declared void. The plea in bar filed by the defendants to this bill was to the effect that on the 4th of June, 1870, the said complainant had filed his bill in this court against the same corporation and the same natural persons as are defendants in this bill, setting forth substantially the same cause of action and praying the same relief as is sought in this suit; that defendants had answered said bill and the complainant had filed a replication to the said answer, and testimony was taken by both parties, and on the 14th of June, 1871, the cause was submitted to this court, which on the 15th of June, 1871, rendered a decree dismissing the complainant's bill with costs. To this plea the complainant filed his replication, and the cause was submitted upon the issue thus formed.

J. D. Rouse and W. W. King, for complainant.

John A. Campbell and Henry C. Miller, contra.

WOODS. Circuit Judge. The evidence submitted to sustain the plea, to wit, the record

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in Case v. Beauregard, 101 U. S. 688.]